**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALEEM MUHAMMED | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | # 02-CV-29440 |
| | : | |
| v. | : | |
| | : | |
| AVIS RENT-A-CAR SYSTEMS, INC. | : | |
| | : | |
| Defendant | : | |

**AMENDED COMPLAINT**

I. PRELIMINARY STATEMENT

1.       Plaintiff, Aleem Muhammad brings this action under Title VII of The Civil Rights Act of 1964, as amended 42 U.S.C. §2000 e-1 *et seq* ("Title VII"), The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, and pursuant to applicable Pennsylvania common law.  Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendant for Defendant's discriminatory practices and other tortious actions.

II. THE PARTIES

2.       Plaintiff, Aleem Muhammad, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 5703 Belmar Terrace, Philadelphia, PA 19143.

3.       Defendant, Avis, is a Delaware corporation licensed and authorized to do business in the Commonwealth of Pennsylvania for the purpose of renting cars to the

public on a transient basis with a principal place of business located at the Philadelphia
International Airport.

III.  JURISDICTION AND VENUE

4.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331,
1343 and 42 U.S.C. §2000 e-5(f).

5.      Plaintiff has complied with all jurisdictional prerequisites including those
set forth in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal
Employment Opportunity Commission on or about February 21, 2002.

6.      Venue is properly laid in the Eastern District of Pennsylvania pursuant to
28 U.S.C. §1391 and 42 U.S.C. §2000 e-5.

7.      At all times material hereto, Defendant, Avis Rent-A-Car Systems, Inc.
("Avis") was "engaged in an industry affecting commerce" within the meanings of §701
(a) and 701 (b) of Title VII, 42 U.S.C. §2000e.

8.      At all times material hereto, Defendant, Avis, employed more than 15
employees.

9.      At all times material hereto, Defendant, Avis, was an "employer" as
defined by §701(b) of Title VII, 42 U.S.C. §2000 e.

10.     At all times material hereto, Defendant, Avis, was an "employer" as
defined by §4 of the Pennsylvania Human Relations Act, 43 P.S. §954.

11.     At all times material hereto, Defendant, Avis, was an "employer" of
Plaintiff as defined by §5 of the Pennsylvania Human Relations Act, 43 P.S. §955.

IV. <u>FACTUAL BACKGROUND</u>

12.     Plaintiff's race is African American.

13.     Plaintiff's religion is Islam.

14.     Plaintiff's religious beliefs are deeply held and with the utmost sincerity, and Isalm is a motivating and guiding force in Plaintiff's life.

15.     Beginning in or about October, 1990, Plaintiff began working for Avis as a bus driver at the Philadelphia International Airport location.

16.     At all times material hereto, Plaintiff's direct supervisor was Jim Wilson, the Philadelphia International Airport Manager of Avis, who was in a position of authority over Plaintiff.

17.     At all times material hereto, Jim Wilson, was acting and engaged in the course and scope of his employment with and on behalf of Defendant, Avis.

18.     Any acts or omissions attributed herein to Defendant, Avis were committed or omitted by its principals, directors, officers, managers and/or employees who were acting in the course and scope of their employment with said Defendant.

19.     On or about January 31, 1996, Defendant Avis required Plaintiff to attend an unannounced meeting at the Days Inn at the Philadelphia International Airport for which there was no valid business reason for his attendance.  Plaintiff informed Cindy Rogers-Hoover, who was an Avis employee coordinating said meeting that it was the Muslim holiday of Ramadan and that he could not attend the meeting.  Cindy Rogers-Hoover told Plaintiff that he was required to attend the meeting even though it was Ramadan.  Anthony Staffier, Avis' Zone Manager, also confronted Plaintiff and told him that he was required to attend the meeting even though it was Ramadan.

20.    On Ramadan, Plaintiff is required to fast from dawn to dusk.

21.    At the aforementioned January 31, 1996 meeting, Plaintiff was forced to watch everyone eating and drinking throughout the course of the meeting. Anthony Staffier and Avis employees from New York taunted Plaintiff throughout the meeting and urged him to take food and drink. The pressure was too great for Plaintiff, and he was forced to leave the meeting due to the food, the drink and the taunting.

22.    As a Muslim, Plaintiff is required to wear a Kafflyeh (headdress). Jim Wilson repeatedly made fun of Plaintiff's Kafflyeh and told him to "take that silly thing off." He also often told Plaintiff that he was out of uniform because Plaintiff was wearing his Kafflyeh and told Plaintiff to remove it or to cover it up with an Avis-approved hat.

23.    As a Muslim, Plaintiff is also required to pray several times throughout the day. Plaintiff is required to cleanse himself before prayer. Plaintiff would often cleanse himself and conduct his prayers in the men's restroom. In the men's restroom, Jim Wilson repeatedly told Plaintiff to get off the floor when he was praying and to get back to work. Jim Wilson told Plaintiff to stop praying.

24.    Plaintiff was harassed about his religious prayer by other managers of Defendant, Avis. Amy  Berk, a manager of Defendant, Avis often interrupted Plaintiff's prayer and told him to get back to work. Amy Berk would say things like "What's this, prayer hour."

25.    Jim Wilson routinely harassed Plaintiff about his race. Jim Wilson would tell Plaintiff that he was "blacker than everyone else."

26.    On or about February 7, 1996, Jim Wilson reprimanded Plaintiff and suspended him for wearing his Kafflyeh in violation of Avis' dress code. Plaintiff

explained to Jim Wilson that it was Ramadan and that he was wearing his Kafflyeh in observance of the festival.  Jim Wilson instructed Plaintiff to leave the premises.

27.     Thereafter, Plaintiff received a Memo from Jim Wilson dated February 7, 1996 regarding his suspension for wearing his Kafflyeh.  The aforementioned Memo stated that Plaintiff was being sent home without pay until he decided to comply with the dress code.  Said Memo also stated that if Plaintiff continued to wear his Kafflyeh, then Defendant Avis would take disciplinary action up to and including termination.

28.     Defendant Avis maintains a double standard regarding the wearing of  a religious headdress, and therefore a discriminatory practice.  More specifically, there is a white, Jewish male who works for Quality Assurance for Defendant, Avis.  He is allowed to wear a Yarmulke while working for Defendant, Avis with no disciplinary action taken.

29.     Plaintiff was harassed about his religious beliefs and practices by various managers of Defendant, Avis.  For example, as a Muslim, Plaintiff is required to wear a Kafflyeh (headdress).  Amy Berk made fun of Plaintiff's Kafflyeh on a daily basis.  She told him to take off his Kafflyeh because it made him look silly.  She also often told Plaintiff that he was out of uniform because he was wearing his Kafflyeh and told him to remove it.

30.     On or about February 9, 1996, Plaintiff filed Charges of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), setting forth allegations of Defendant's racial and religious discrimination directed towards the Plaintiff.

31.     In or about February of 1997, Plaintiff was approached by Jim Wilson and told that if Plaintiff dropped his Complaint with the Pennsylvania Human Relations Commission, Avis would offer him a job in Fleet Distribution.  Plaintiff had an interview

with Danny Isaac for a position with Fleet Distribution.  The position was not a management position.  The duties of the position were to pick up and drop off cars for/from Defendant, Avis' customers.  The Fleet Distribution position had less responsibility than Plaintiff's position as Lead Agent.  The Fleet Distribution position would have been a demotion.

32.    The Fleet Distribution department at Defendant, Avis did not have a union at the time Plaintiff interviewed with Danny Isaac.

33.    At the time Plaintiff interviewed with Danny Isaac for the position with Fleet Distribution, Plaintiff was shop steward of the Teamsters Union.

34.    Plaintiff never accepted nor turned down a position in Fleet Distribution because he was never offered the position.  After the interview with Danny Isaac, Plaintiff informed Danny Isaac and Jim Wilson that he would not give up his discrimination claim.  Thereafter, Plaintiff did not hear anything else about the position with Fleet Distribution.

35.    Again, in or about February of 1997, Plaintiff was approached by Jim Wilson and asked if he would consider a position as a Rental Agent.  Plaintiff told Jim Wilson that he was not interested because the Rental Agents did not have a Teamsters Union.

36.    On or about April 14, 1997 Plaintiff had already punched out of work and was listening to Louis Farrakhan speaking on a radio program.  Plaintiff was having a discussion with Frank Hudson, a manager, about Louis Farrakhan when Tim Keough, a white male and a manager at Avis, told him to get out.  Tim Keough told Plaintiff that he (Plaintiff) was one of "those radical ones" and that he did not want to hear about that kind

of stuff.  Plaintiff told Tim Keough that he had already punched out and was not working.

Tim Keough told Plaintiff that he did not care and to get out.  Tim Keough told Plaintiff

that he was going to "get rid of him."

37.    Thereafter, Plaintiff received a letter from Ron Knaust, a white male and a

manager at Defendant, Avis dated April 16, 1997 indicating that Plaintiff's actions

represented insubordination.

38.    Plaintiff was also harassed and discriminated against due to his race.  Greg

Petitro, a white, male manager at Avis told Plaintiff that at Avis, all the black people

work behind the counter and drive the buses while all the white people manage them.

39.    Plaintiff was denied a promotion to a management level position of bus

manager due to race and religious discrimination.  More specifically, Ron Knaust

promoted Amy Berk, a white, Jewish, female to the position of bus manager after only

three years of service with Defendant, Avis even though she was not qualified for the

position.  Amy Berk did not have any experience with the bus system at the airport, and

she did not have a Commercial Drivers License.  Ron Knaust promoted Amy Berk to bus

manager even though Plaintiff was more qualified for the position.  When Plaintiff

confronted Ron Knaust about Amy Berk's promotion to bus manager, Ron Knaust told

Plaintiff that she was promoted above him because he had no where else to put her.

40.    Monday, July 21, 1997, was Eid, a Muslim holiday, which signified the

end of Ramadan.  On or about the preceding Wednesday, Plaintiff informed his manger at

the time, Dave Jones, that he was going to take off of work on Monday, July 21, 1997 for

the religious holiday of Eid.  Plaintiff had available vacation and personal days to use.

Plaintiff was confronted by Ron Knaust who told him that he was not allowed to take off

for the aforementioned religious holiday. Plaintiff informed Ron Knaust that it was a religious holiday and that he needed to take off for religious reasons. Ron Knaust told Plaintiff that if he did not report to work on Monday, July 21, 1997 that Plaintiff should hand in his uniform because he was fired.

41.     Plaintiff told Ron Knaust that he would not be at work on July 21, 1997 because of the religious holiday. Plaintiff handed in his uniform on Sunday, July 20, 1997 because Ron Knaust told him he was fired.

42.     During the course of Plaintiff's employment, Plaintiff was subjected to unwanted, unsolicited, demeaning and harassing comments and gestures, including, but not limited to, religious and racial slurs, harassing comments regarding his religious headdress, taunting and harassing comments regarding his religious beliefs and race committed by supervisors and manager of Defendant Avis. When Plaintiff voiced his objections to these harassing and discriminating acts, Plaintiff was "written up" for insubordination.

43.     The aforesaid conduct by Defendant, Avis' supervisors, managers and Plaintiff's co-employees was directed towards Plaintiff because of his race and religion and would not have occurred but for his race and religion, creating a hostile work environment for Plaintiff.

44.     Plaintiff informed his supervisors and managers about the aforementioned comments and behavior which were unwanted, unappreciated, upsetting and made him feel uncomfortable.

45.    Defendant failed to address and were willfully indifferent to the hereinbefore described harassing and discriminatory conduct which was directed against Plaintiff.

46.    Notwithstanding Plaintiff's complaints and clear indication to Defendant that the aforesaid comments and conduct were unwanted and upsetting, the conduct continued throughout the course of his employment with Defendant, Avis.

47.    At no time did Defendants, or any of the principles, supervisors, managers, officers, directors or agents of Avis, institute an effective grievance procedure designed to eliminate or prevent racial or religious based discrimination of employees and no reasonable steps were taken to prevent the same in the workplace.

48.    At no time did Defendant, Avis, have in place an effective anti-harassment policy, complaint structure, training and/or effective monitoring mechanism calculated to prevent or eliminate race or religious based harassment and/or discrimination which they knew or should have known was occurring or could occur on the premises of Avis at the Philadelphia International Airport, particularly with regard to discrimination by management-level employees directed to subordinates.

49.    As a direct and proximate result of the Defendant's aforesaid acts and omissions and the hostile work environment which was created thereby, as well as Defendant's discriminatory practices, Plaintiff:

(a)    was suspended from his employment to his great financial detriment;

(b)    was not offered a position with Fleet Distribution because he would not drop his complaint with the PHRC;

(c)    was denied a promotion to a management level position to his great financial detriment;

(d)    was discharged from his employment to his great financial detriment;

(e)    was caused pain and suffering, physical injury and a loss of enjoyment of life; and

(f)    suffered several emotional distress, embarrassment, humiliation and depression.

50.    On or about September 9, 1998, Plaintiff filed an amended complaint with the PHRC setting forth additional claims of discrimination based on his race and religion.

51.    Defendant, Avis had notice of Plaintiff's charges of discrimination filed with the PHRC.

## COUNT I

### Title VII Civil Rights Act of 1964 42 U.S.C. §2000 e-1, *et seq*

### Hostile Work Environment

### Plaintiff, Aleem Muhammad v. Defendant, Avis

52.    Plaintiff hereby incorporate by reference the allegations set forth in Paragraphs 1-51 of this pleading.

53.    As a direct and proximate result of the conduct described herein and attributable to Defendant, Avis, the workplace at Defendant Avis was a hostile work environment for Plaintiff.

54.    The conduct attributable to Defendant, Avis, as described herein, as unwanted, unsolicited, demeaning and harassing comments and gestures, including, but not limited to, religious and racial slurs, harassing comments regarding Plaintiff's religious headdress, taunting and harassing comments regarding his religious beliefs and race committed by supervisors and manager of Defendant Avis, as well as the willful indifference to Plaintiff's situation attributable to Defendant, Avis, constituted intentional, unwelcomed  discrimination against Plaintiff due to his race and religion.

55.    The discrimination and harassment attributable to Defendant, Avis, as described herein was continuing, regular, pervasive, ongoing and severe.

56.    The discrimination and harassment directed towards Plaintiff was of such a nature and degree that it would have had a detrimental effect on reasonable persons in Plaintiff's position.

57.    Defendant, Avis, by and through its respective principals, managers, supervisors, owners, directors, shareholders and agents knew or should have known about the existence of the exceptionally hostile work environment at the Philadelphia International Airport location and failed to take any actions to prevent or eliminate the harassing and discriminatory behavior by Defendant, Avis' employees, managers and supervisors.

58.    As a direct and proximate result of the hostile work environment to which Plaintiff was subject, and of Defendants' violation of Title VII, Plaintiff suffered the injuries and damages set forth in Paragraph 49, *supra*.

59.    As set forth herein, Defendant, Avis, was willfully indifferent to the discrimination and hostile work environment to which Plaintiff was subject, thereby giving rise to a claim for punitive damages against Defendant, Avis.

60.    Defendant, Avis failed to make reasonable accommodations for Plaintiff's deeply held religious beliefs and practices.

WHEREFORE, Plaintiff, Aleem Muhammad, demands judgment against Defendant, Avis Rent-A-Car Systems, Inc., including:

(a)  a declaration that said Defendant's actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b)  equitable and declaratory relief requiring Defendant, Avis, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial and religious harassment and discrimination in the workplace;

(c)  equitable and declaratory relief requiring Defendant, Avis, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial and religious harassment and discrimination;

(d)  equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e)  compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f)  punitive damages;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II

Title VII Civil Rights Act of 1964 42 U.S.C. §2000 e-1, *et seq*

Retaliatory Discharge and Disparate Treatment

Plaintiff, Aleem Muhammad v. Defendant, Avis

61.    Plaintiff hereby incorporate by reference the allegations set forth in Paragraphs 1-60 of this Pleading.

62.    As set forth herein, Defendant Avis engaged in unlawful discrimination directed at Plaintiff in violation of Title VII as follows:

a.    Plaintiff engaged in a protected activity under Title VII when he filed a complaint with the PHRC;

b.    Defendant Avis' denial of the Fleet Distribution job offer and ultimate termination of Plaintiff occurred subsequent to Plaintiff's refusal to drop his PHRC claims of discrimination and his termination adversely affected Plaintiff with respect to his physical, emotional and professional condition and his ability to earn a living;

c.    Plaintiff's denial of the Fleet Distribution job offer and ultimate termination was in retaliation to Plaintiff's filing a complaint with the PHRC and unwillingness to drop said complaint; and

d.      Defendant, Avis' actions were designed to protect and insulate Defendant, Avis, and the employees of Defendant, Avis from their wrongful conduct, and was also in furtherance of Defendant, Avis' discriminatory practices based on Plaintiff's race and religion.

63.      Additionally, as set forth herein, Defendant Avis engaged in further unlawful discrimination directed at Plaintiff in violation of Title VII as follows:

a.      Plaintiff was denied a promotion by Defendant, Avis due to his race and religious beliefs;

b.      Plaintiff's race and religion were motivating factors in his denial of the promotion;

c.      Plaintiff was fired by Defendant, Avis due to race and religious beliefs in July 1997; and

d.      Plaintiff's race and religion were motivating factors in his termination in July 1997.

WHEREFORE, Plaintiff, Aleem Muhammad, demands judgment against Defendant, Avis Rent-A-Car Systems, Inc., including:

(a)  a declaration that said Defendant's actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b)  equitable and declaratory relief requiring Defendant, Avis, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial and religious harassment and discrimination in the workplace;

(c)  equitable and declaratory relief requiring Defendant, Avis, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial and religious harassment and discrimination;

(d)  equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e)  compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f)  punitive damages;

(g)  payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(h)  such other relief as this Court may deem appropriate under the circumstances.

## COUNT III

### Pennsylvania Human Relations Act, 43 P.S. 951, *et seq*

### Plaintiff, Aleem Muhammad v. Defendant, Avis

64.    Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1-63 of this pleading.

65.    As set for above, Defendant, Avis, engaged in unlawful employment discrimination against Plaintiff in violation of the Pennsylvania Human Relations Act, 43 P.S. §955.

66.    Defendant discriminated directly against Plaintiff in the terms, conditions and privileges of his employment as follows:

(a)    allowing and fostering a racially and religiously hostile atmosphere to exist on the premises directed against Plaintiff;

(b)    failing to promote Plaintiff despite his outstanding qualifications and job performance;

(c)    promoting a less qualified applicant than Plaintiff to a position Plaintiff has applied for; and

(d)    failing to promote Plaintiff unless he withdrew his Complaint to the PHRC.

(e)    termination of Plaintiff based upon his race and religion and his refusal to withdraw his complaint to the PHRC.

67.    Plaintiff was discriminated against as a result of his race and religion as aforesaid.

68.    Plaintiff's race and religion were motivating factors in Defendant, Avis' discriminatory treatment of Plaintiff, as described in Paragraph 63.

69.    Defendant, Avis', employment practices deprived Plaintiff of equal employment opportunities and otherwise affected his status as an employee because of his race and religion.

70.    As a direct and proximate result of Defendant's actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth in Paragraph 49 and 66, *supra*., past and future loss of earnings, income, benefits and opportunities as well as

pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasures.

WHEREFORE, Plaintiff, Aleem Muhammad, demands judgment against Defendant, Avis Rent-A-Car Systems, Inc., including:

(a)    a declaration that said Defendant's actions as described herein violated The Pennsylvania Human Relations Act;

(b)    equitable and declaratory relief requiring Defendant, Avis, to institute sensitivity and other training for all managers, employees and supervisors to prevent race and religious harassment and discrimination in the workplace;

(c)    equitable and declaratory relief requiring Defendant, Avis, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to race and religious harassment and discrimination;

(d)    equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e)    compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconvenience, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f)    payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g)    such other relief as this Court may deem appropriate under the circumstances.

**<u>COUNT IV</u>**

Wrongful Discharge

Plaintiff, Aleem Muhammad v. Defendant, Avis

71.    Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1-70 of this Pleading.

72.    The acts and omissions of Defendant, Avis, as described herein were in violation of Plaintiff's rights under Federal and State Law and contrary to a clear mandate of public policy.

73.    In particular, Plaintiff's termination was pretextual, retaliatory and designed to protect and insulate Defendant, Avis, and the employees of Defendant, Avis from their wrongful conduct and was also in furtherance of Defendant, Avis' discriminatory practices based on Plaintiff's race and religion.

74.    Plaintiff's discharge from employment in July 1997 was contrary to company policy.

75.    The actions of Defendant, Avis, as described herein were in outrageous and intentional disregard of Plaintiff's rights and welfare thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Aleem Muhammad, demands judgment against Defendant, The Avis Rent-A-Car Systems, Inc., in the form of an award for compensatory damages for past and future lost income and benefits, emotional distress, pain and suffering, punitive damages, costs, interest and whatever other relief the Court may deem appropriate.

## COUNT V

Negligence

<u>Plaintiff, Aleem Muhammad v. Defendants, Avis</u>

76.    Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1-75 of this Pleading.

77.    Defendant, Avis owed a duty of care to its employees, including Plaintiff, to maintain a work environment free from racial and religious harassment, discrimination and hostility.

78.    The negligence, carelessness and/or recklessness of Defendant consisted of the following:

(a)    ignoring and/or disregarding the existence of a hostile work environment at Avis;

(b)    failing to institute policies and/or procedures to ensure that employees were not subject to racial and/or religious based discrimination and harassment or a hostile work environment;

(c)    failing to institute a grievance procedure designed to eliminate or prevent racial and/or religious harassment, discrimination and/or a hostile work environment;

(d)    failing to take reasonable steps to address or prevent harassment and/or discrimination in the workplace based upon an employee's race and/or religion;

(e)    ignoring and/or disregarding Plaintiff's complaints of a hostile work environment, racial and/or religious harassment and discrimination in the workplace;

(f)     failing to ensure that managers, supervisors and other employees were aware of the illegality of conduct that would constitute racial and religious harassment and discrimination in the workplace;

(g)     failing to discipline management level and non-management level employees engaging in conduct constituting racial and religious harassment and discrimination;

(h)     failing to adequately inspect and observe the premises to ensure that the work environment was free from racial and religious harassment and discrimination;

(i)     failing to require and/or institute adequate hiring practices and procedures which would assure that prospective employees, managers and supervisors would not engage in conduct which would constitute racial and religious harassment and/or discrimination;

(j)     failing to insure that its policies and procedures for termination of employees; and

(k)     other acts of negligence which may become apparent during discovery.

79.     As a direct and proximate result of the aforesaid acts and omissions of Defendant, Plaintiff was terminated from the employee of Avis without cause and in violation of public policy to his great financial detriment.

80.     As a further direct and proximate result of the aforesaid acts and omissions of Defendant, Plaintiff was caused pain and suffering, embarrassment, humiliation, emotional distress and loss of enjoyment of life.

81.    The aforesaid acts and omissions of Defendant were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency as to be regarded as utterly intolerable in a civilized community.

82.    The behavior of Defendant as described above demonstrated a knowing and reckless disregard of the rights, well being and welfare of Plaintiff and were so outrageous in character and degree as to justify an award of punitive damages against Defendant.

WHEREFORE, Plaintiff, Aleem Muhammad, demands judgment against Defendant, Avis Rent-A-Car Systems, Inc., in the form of an award of compensatory damages for past and future lost income and benefits, emotional distress, pain and suffering, punitive damages, costs, interest and whatever other relief the Court may deem appropriate.

### JURY DEMAND

Plaintiff hereby demand a trial by jury in this matter.

ZARWIN ◆ BAUM ◆ DEVITO
KAPLAN ◆ O'DONNELL ◆ SCHAER◆ P.C.


BY:_____
    **JOSEPH M. TODDY, ESQ.**
    1515 Market Street, Suite 1200
    Philadelphia, PA  19102
    (215) 569-2800
    Attorney for Plaintiff