IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Aleem Muhammed, | : |
| | : Civil Action No. 02-CV-2944 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| Avis Rent-A-Car Systems, Inc., | : |
| | : |
| Defendant. | : |

### DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Avis Rent A Car System, Inc. ("Defendant"), by its attorneys Fox, Rothschild, O'Brien & Frankel, LLP, and Paul, Hastings, Janofsky & Walker LLP, answers the Amended Complaint filed by Plaintiff ("Complaint") herein as follows:

### PRELIMINARY STATEMENT

1. Admits that Plaintiff purports to be suing Defendant pursuant to the statutes and for the relief enumerated in Paragraph 1, but denies that Defendant engaged in any unlawful discriminatory or tortious practices toward Plaintiff or that Plaintiff has been damaged in any manner by any action of Defendant.

### THE PARTIES

2. Admits the allegation contained in Paragraph 2 of the Complaint that Plaintiff, Aleem Muhammed, is an adult individual. Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 2 of the Complaint, and on that basis, denies them.

3. Admits the allegations contained in Paragraph 3 of the Complaint, except

denies that Defendant's principal place of business is located at Philadelphia International Airport.

## JURISDICTION AND VENUE

4. The allegation contained in Paragraph 4 of the Complaint calls for a legal conclusion to which no response is required.

5. The allegation contained in Paragraph 5 of the Complaint that Plaintiff has complied with all jurisdictional prerequisites calls for a legal conclusion to which no response is required. Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 5 of the Complaint, and on that basis, denies them.

6. The allegation contained in Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required.

7. The allegation contained in Paragraph 7 of the Complaint calls for a legal conclusion to which no response is required.

8. Admits the allegation contained in Paragraph 8 of the Complaint.

9. The allegation contained in Paragraph 9 of the Complaint calls for a legal conclusion to which no response is required.

10. The allegation contained in Paragraph 10 of the Complaint calls for a legal conclusion to which no response is required.

11. The allegation contained in Paragraph 11 of the Complaint calls for a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

12. On information and belief, Defendant admits the allegation contained in

2

Paragraph 12 of the Complaint.

13. On information and belief, Defendant admits the allegation contained in Paragraph 13 of the Complaint.

14. Lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 14 of the Complaint, and on that basis, denies them.

15. Admits the allegation contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint, except admits that Jim Wilson was Plaintiff's indirect supervisor from June 1994 until April 1996.

17. The allegation contained in Paragraph 17 of the Complaint calls for a legal conclusion to which no response is required, except to state that Jim Wilson at times acted within the scope of his employment with Defendant.

18. The allegation contained in Paragraph 18 of the Complaint calls for a legal conclusion to which no response is required.

19. Denies the allegations contained in Paragraph 19 of the Complaint, except admits that Defendant held a mandatory training session for employees at the Philadelphia International Airport Days Inn on January 31, 1996, which Plaintiff attended.

20. Lacks sufficient information or belief to admit or deny Paragraph 20 of the Complaint, and on that basis, denies it.

21. Denies the allegations contained in Paragraph 21 of the Complaint, except admits that refreshments were served during the January 31, 1996, training session.

22. Denies the allegations contained in Paragraph 22 of the Complaint, except admits that Defendant required its drivers to comply with its uniform policy, and consistent with

3

that policy, Plaintiff was initially offered the option of either wearing his Kafflyeh under a cap that complied with Defendant's policy or removing it during working time, and was later offered the option of wearing his Kafflyeh uncovered.

23. Denies the allegations contained in Paragraph 23 of the Complaint, except lacks sufficient information or belief as to the allegations that Plaintiff (i) was "required to pray several times throughout the day"; (ii) was "required to cleanse himself before prayer;" and (iii) "would often cleanse himself and do his prayers in the men's restroom."

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint, except admits that Jim Wilson issued a written warning to Plaintiff dated February 7, 1996. Refer to said document for proof of its contents.

27. Denies the allegations contained in Paragraph 27 of the Complaint, except admits that Jim Wilson issued a written warning to Plaintiff dated February 7, 1996. Refer to said document for proof of its contents.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint, except admits that Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Rights Commission ("PHRC") on or about February 9, 1996. Refer to said document for proof of its contents.

31. Denies the allegations contained in Paragraph 31 of the Complaint, except

admits that Plaintiff interviewed with Danny Isaac for a position in the Fleet Distribution Department as a dispatcher some time during 1994.

32. Denies the allegations contained in Paragraph 32 of the Complaint, except admits that no union represented the dispatchers in the Fleet Distribution Department at the time Plaintiff interviewed for a dispatcher position.

33. Denies the allegations contained in Paragraph 33 of the Complaint, except admits that Plaintiff interviewed with Danny Isaac for a position in the Fleet Distribution Department as a dispatcher some time during 1994, admits that at some point Plaintiff served as a shop steward for the Teamsters union, and lacks sufficient information or belief to admit or deny the allegation that Plaintiff served as shop steward at the time of his interview with Danny Isaac.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint, except admits that in February 1996 Jim Wilson discussed with Plaintiff the possibility of Plaintiff becoming a Rental Sales Agent.

36. Denies the allegations contained in Paragraph 36 of the Complaint, except admits that Tim Keough instructed Plaintiff to clock out and go home on April 14, 1997, because Plaintiff had been insubordinate to Keough.

37. Denies the allegations contained in Paragraph 37 of the Complaint, except admits that Ron Knaust sent a letter to Plaintiff dated April 16, 1997. Refer to said document for proof of its contents.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

5

39. Denies the allegations contained in Paragraph 39 of the Complaint, except admits that Ron Knaust placed Amy Berks in the position of Senior Shift Manager.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint, except admits that Plaintiff handed in his uniform on or about Sunday, July 20, 1997.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint, except to the extent admitted in Defendant's Answer to Paragraphs 1-43, above.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint, except admits that Plaintiff filed an Amended Complaint with the PHRC on or about September 28, 1998. Refer to said document for proof of its contents.

51. Denies the allegations contained in Paragraph 51 of the Complaint, except admits that Defendant at certain points in time received copies of Plaintiff's PHRC filings from the PHRC. Refer to said documents for proof of their contents.

## COUNT I

52. Defendant repeats and realleges each and every answer contained in

6

Paragraphs 1-51 of the Complaint as though fully set forth herein.

53. Denies the allegations contained in Paragraph 53 of the Complaint.

54. Denies the allegations contained in Paragraph 54 of the Complaint.

55. Denies the allegations contained in Paragraph 55 of the Complaint.

56. Denies the allegations contained in Paragraph 56 of the Complaint.

57. Denies the allegations contained in Paragraph 57 of the Complaint.

58. Denies the allegations contained in Paragraph 58 of the Complaint.

59. Denies the allegations contained in Paragraph 59 of the Complaint.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief requested in Count I of the Complaint.

## COUNT II

61. Defendant repeats and realleges each and every answer contained in paragraphs 1-60 of the Complaint as though fully set forth herein.

62. Denies the allegations contained in Paragraph 62 of the Complaint.

63. Denies the allegations contained in Paragraph 63 of the Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief requested in Count II of the Complaint.

## COUNT III

64. Defendant repeats and realleges each and every answer contained in Paragraphs 1-63 of the Complaint as though fully set forth herein.

65. Denies the allegations contained in Paragraph 65 of the Complaint.

7

66. Denies the allegations contained in Paragraph 66 of the Complaint.

67. Denies the allegations contained in Paragraph 67 of the Complaint.

68. Denies the allegations contained in Paragraph 68 of the Complaint.

69. Denies the allegations contained in Paragraph 69 of the Complaint.

70. Denies the allegations contained in Paragraph 70 of the Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief requested in Count III of the Complaint.

## COUNT IV

71. Defendant repeats and realleges each and every answer contained in Paragraphs 1-70 of the Complaint as though fully set forth herein.

72. Denies the allegations contained in Paragraph 72 of the Complaint.

73. Denies the allegations contained in Paragraph 73 of the Complaint.

74. Denies the allegations contained in Paragraph 74 of the Complaint.

75. Denies the allegations contained in Paragraph 75 of the Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief requested in Count IV of the Complaint.

## COUNT V

76. Defendant repeats and realleges each and every answer contained in Paragraphs 1-75 of the Complaint as though fully set forth herein.

77. The allegations contained in Paragraph 77 of the Complaint call for a legal conclusion to which no response is required.

78. Denies the allegations contained in Paragraph 78 of the Complaint.

79.  Denies the allegations contained in Paragraph 79 of the Complaint.

80.  Denies the allegations contained in Paragraph 80 of the Complaint.

81.  Denies the allegations contained in Paragraph 81 of the Complaint.

82.  Denies the allegations contained in Paragraph 82 of the Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief requested in Count V of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred if and to the extent they were not filed within the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred if and to the extent he has failed to exhaust his administrative remedies.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because he has failed to plead facts sufficient to establish negligence or respondent superior liability on behalf of Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because he has failed to plead facts sufficient to establish a constructive discharge.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the exclusive remedy of the Pennsylvania Workers' Compensation Act.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because the actions and conduct alleged by Plaintiff do not rise to the level of actionable discrimination and/or harassment under any applicable law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The purported claim for discrimination on the basis of religion is barred because each of the actions taken by Defendant with respect to Plaintiff's employment was based upon a bona fide occupational qualification.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The purported claim for discrimination on the basis of religion is barred to the extent Defendant was unable to reasonably accommodate Plaintiff's religious beliefs and/or practices without undue hardship.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff unreasonably failed to avail himself of the anti-discrimination policies and procedures Defendant maintains to prevent and/or to promptly correct alleged employment discrimination.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has not alleged facts sufficient to support an award of compensatory or punitive damages, attorneys' fees, costs or interest.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any loss, injury, damage or detriment as alleged in this Complaint, the loss, injury, damage, or detriment was caused and contributed to by Plaintiff's actions in that he did not exercise ordinary care on his own behalf, and in the performance of his employment at the times and places alleged in the Complaint, and Plaintiff's own actions and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the

percentage of Plaintiff's negligence or in proportion to his fault.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The conduct of other persons or entities, and not Defendant, concerning the matters alleged in the Complaint, constitutes carelessness, negligence, misconduct and/or bad faith, or such persons or entities were otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by the conduct of such persons or entities, and Defendant's liability, if any, should be diminished in direct proportion to the comparative fault of those persons or entities.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Defendant engaged in good faith efforts to comply with applicable laws and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in Kolstad v. American Dental Association, 527 U.S. 526 (1999).

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks a good faith factual basis for his claims, in whole or in part, thereby entitling Defendant to an award of its attorneys' fees, costs and expenses incurred in defending this action.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

If any of the unlawful acts or omissions alleged in the Complaint were engaged in by Defendant or its agents, which Defendant vigorously denies, Defendant did not engage in such acts or omissions willfully.

PH1 459856v1 01/13/03

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right pending the completion of discovery to assert any additional defenses which may exist.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismissing the Complaint with prejudice, and awarding to Defendant its costs, attorneys' fees, interest and such other and further relief as this Court deems equitable and just.

Dated: January 13, 2003

Steven K. Ludwig, Esquire
Catherine T. Barbieri, Esquire
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103-3291
(215) 299-2164

Zachary D. Fasman, Esquire
Colleen T. Dorney, Esquire
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022-3205

Counsel for Defendant
AVIS RENT A CAR SYSTEM, INC.

## CERTIFICATE OF SERVICE

I, Catherine T. Barbieri, Esquire, hereby certify that a true and accurate copy of the foregoing document was served this date by hand delivery to:

>Joseph M. Toddy, Esq.
>Zarwin, Baum, DeVito, Kaplan, O'Donnell, Schaer P.C.
>1515 Market Street
>Suite 1200
>Philadelphia, PA 19102
>(215) 569-2800

>_____
>CATHERINE T. BARBIERI, ESQUIRE

Dated: January 13, 2003